UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13234-GAO

JERRY MEAS,
Petitioner,

v.

OSVALDO VIDAL, Superintendent, and MAURA HEALEY,
Respondents.

ORDER ADOPTING REPORT AND RECOMMENDATIONS
August 31, 2018

O'TOOLE, D.J.

Jerry Meas has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. This Court referred the case to a magistrate judge, who has issued a Report and Recommendation ("R&R") recommending that the Court deny the petition. I have reviewed the magistrate judge's R&R, the petitioner's objections thereto, and the other pleadings in this matter. For the following reasons, the petitioner's objections are overruled and the magistrate judge's R&R is adopted.

The petitioner's central contention is that the trial judge unconstitutionally restricted his cross-examination of a government witness in contravention of the Sixth and Fourteenth Amendments. At trial, defense counsel sought to cross-examine the witness about (1) criminal charges that were pending against the witness when he spoke to police following the shooting at issue and (2) the witness's status as a probationer when the witness testified against the petitioner at trial. After conducting a voir dire examination as to whether there was evidence of bias in favor of the prosecution, the trial judge limited the line of inquiry to the fact of the witness's subsequent convictions for the charges that had been pending when he spoke with police after the shooting. On appeal, the Supreme Judicial Court analyzed the limitation under the Sixth Amendment and

found no error, noting that the trial judge conducted a voir dire on the issue, there were no indications that the witness's trial testimony was inconsistent with any prior statements, the witness's testimony was not necessary to establish any material facts, and counsel was permitted to use the prior convictions to impeach the witness.

The Supreme Judicial Court's decision regarding the cross-examination was neither contrary to nor an unreasonable application of clearly established federal law. While a defendant has a right under the Sixth Amendment to confront witnesses against him, a trial judge "retain[s] wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limitations on such cross-examination." See Delaware v. Van Arsdall, 475 U.S. 673, 678–79 (1986).[1] Here, the trial judge did not entirely foreclose inquiry regarding the witness's possible bias. See id. at 680 (opining that a violation of the Confrontation Clause is shown where a defendant is "prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias"). The petitioner's theory was explored during a voir dire questioning of the witness, and the trial judge found no bias was established by that examination. During voir dire, the witness testified that he never mentioned his then-pending charges when he spoke to the police, that he did not think about his case when talking with the police, and that he did not receive any promises or rewards for his testimony. So far as appears, no contrary evidence was given. In front of the jury, the petitioner cross-examined the witness extensively, including by eliciting testimony regarding the witness's plea of guilty to various crimes between the time he spoke to police right after the shooting and the trial. The jury was thus exposed to facts from which jurors "could appropriately draw inferences relating to the reliability of the witness." See id. (quoting Davis, 415 U.S. at 318).

---

[1] Although the petitioner cites Davis v. Alaska, 415 U.S. 308 (1974), and Crawford v. Washington, 541 U.S. 36 (2004), I agree with the magistrate judge and government that Van Arsdall provides the applicable test.

There is no indication that the jury "would have received a significantly different impression" of the witness's credibility had the excluded line of additional questioning on the topic been permitted, particularly in light of his testimony during voir dire. See id.

The petitioner's remaining objections merit only brief attention. First, the magistrate judge correctly determined that the Massachusetts Attorney General is not a proper respondent to the petition. See 28 U.S.C. § 2243; Rules Governing § 2254 Cases in the United States District Courts, Rule 2(a); see also Vasquez v. Reno, 233 F.3d 688, 691 (1st Cir. 2000). Second, with respect to the applicable legal standard under 28 U.S.C. § 2254(d)(1), I note the petitioner's additional case citations but disagree that the magistrate judge's description of applicable law rendered constitutional violations virtually unavailable. Third, with respect to § 2254(d)(2), the petitioner did not adequately present any arguments under that subsection to the magistrate judge and this Court need not address them now. See Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987) ("Parties must take before the magistrate, 'not only their "best shot" but all of their shots.'" (quoting Singh v. Superintending Sch. Comm., 593 F. Supp. 1315, 1318 (D. Me. 1984))). Fourth, the "determination of a factual issue made by a State court shall be presumed correct" unless the petitioner has rebutted the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The petitioner has failed to do so here, and I therefore credit the factual findings of the Supreme Judicial Court.

For the foregoing reasons, the petitioner has not shown he is entitled to federal habeas relief. Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED and the case is dismissed. Because the petitioner has not "made a substantial showing of the denial of a constitutional right," no certificate of appealability shall issue. See 28 U.S.C. § 2253(c)(1).

It is SO ORDERED.

                                                    <u>/s/ George A. O'Toole, Jr.</u>
                                                    United States District Judge